IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX DEJESUS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-5469 |
| | : | |
| v. | : | |
| | : | |
| BILL LUCEY and MARTIN GARCIA, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                            January 5, 2022

The *pro se* plaintiff claims that a landlord and his agent violated his constitutional rights and the Fair Housing Act when they leased him an apartment that lacked heat. He apparently rented the apartment for a month, and he claims that the landlord and agent are trying to remove him from the apartment. The plaintiff has also applied for leave to proceed *in forma pauperis*.

As explained below, although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court must dismiss the complaint because he has failed to allege a plausible claim against either defendant. With regard to his constitutional claims, which he asserts under 42 U.S.C. § 1983, he does not include any allegation that either defendant acted under color of state law; instead, it appears that the defendants are simply private citizens who rented an apartment to the plaintiff. As for his Fair Housing Act claim, the plaintiff does not allege that the defendants discriminated against him in the rental or sale of a dwelling based on any protected characteristic. Rather, he alleges that the defendants rented him an illegal apartment that lacked heat. Finally, to the extent that the plaintiff has attempted to assert a state-law landlord-tenant claim, the court declines to exercise supplemental jurisdiction over it after dismissing his federal claims and, in any event, the court would lack original jurisdiction over it insofar as it does not appear that the

parties are completely diverse or that the amount in controversy exceeds the jurisdictional threshold.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Alex DeJesus ("DeJesus"), filed an application for leave to proceed *in forma pauperis* and a complaint on December 13, 2021. *See* Doc. Nos. 1, 2. Unfortunately, DeJesus failed to sign his complaint or provide the court with sufficient financial information for the court to determine whether he could prepay the fees in this case. As such, the court entered an order on December 20, 2021, which, *inter alia*, (1) denied the *in forma pauperis* application without prejudice to DeJesus refiling an application containing sufficient financial information and (2) required him to complete and return a declaration that he read his complaint, he is the plaintiff in this action, and that he otherwise complied with Rule 11 of the Federal Rules of Civil Procedure when he submitted the complaint. *See* Dec. 20, 2021 Order at ECF pp. 1–2, Doc. No. 4. DeJesus complied with the court's order by returning a signed declaration and submitting a new application for leave to proceed *in forma pauperis* (the "IFP Application") on December 27, 2021. *See* Doc. Nos. 5, 6.

With regard to the complaint, DeJesus generally alleges that the defendants, Bill Lucey ("Lucey") and Martin Garcia ("Garcia") rented him an illegal apartment.[1] *See generally* Compl. at ECF pp. 3–5, Doc. No. 2. While his allegations are sparse, DeJesus avers that Lucey was the landlord, but that Garcia rented him an "il[l]egal room." *Id.* at ECF p. 4. DeJesus claims that he was paying $500 a month for the room, which did not have heat. *See id.* at ECF p. 5. He asserts that the defendants want him to vacate the apartment, and it appears that Garcia, as Lucey's agent, sent DeJesus a "Notice to Terminate Tenancy" directing him to vacate the premises on December

---

[1] Based on the addresses that DeJesus provides for himself and the defendants, it appears that they all reside at the same property in Bethlehem, Pennsylvania. *See* Compl. at ECF pp. 2-3.

2

31, 2021. *See id.* at ECF p. 5; Doc. No. 2-1. DeJesus also alleges that the local government is "turning [a] deaf ear and [a] blind eye" to his "situation."[2] *Id.*

Based on these allegations, DeJesus indicates that he is bringing First and Fourteenth Amendment claims, presumably under 42 U.S.C. § 1983, as well as claims under the Fair Housing Act. *See* Compl. at ECF pp. 3, 5. He alleges that the defendants caused him to experience financial hardship and emotional distress. *See id.* He also worries that he will become homeless. *See id.* He asks the court to compensate him for the month of rent that he paid to the defendants. *See id.*

## II.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch[ v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

---

[2] DeJesus attached documents to his application reflecting that he called the police twice to complain about issues related to his landlord. *See* Doc. No. 6 at ECF pp. 6–7.

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that DeJesus is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

B. **Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted DeJesus leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

>motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011)

(explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### C. Analysis

#### 1. Constitutional Claims

DeJesus appears to be seeking relief under 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments. Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

In this case, DeJesus has not alleged a plausible claim for violation of his constitutional rights under section 1983 because there are no plausible allegations that either Lucey or Garcia were acting under color of state law. In this regard,

> [t]he color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

Neither Lucey nor Garcia appear to be state actors under any of the aforementioned tests, and DeJesus does not allege that they had any connection to the state. Instead, DeJesus's allegations, even when liberally construed, suggest that they are private individuals. Accordingly, neither Lucey, DeJesus's landlord, nor Garcia, Lucey's agent, are subject to liability under section 1983. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (concluding

landlords were not state actors); *Jenkins v. Turner*, Civ. A. No. 14-14348, 2014 WL 6669229, at *1 (E.D. Mich. Nov. 24, 2014) ("Private landlords are not considered state actors and thus cannot be liable for damages under § 1983." (citing *Hill v. Langer*, 86 F. App'x 163, 164–67 (6th Cir. 2004))); *Benford v. Smith*, Civ. A. No. 04-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that private landlords, even ones participating in the Department of Housing and Urban Development's Section 8 housing program, are not considered state actors and thus cannot be liable under section 1983).

### 2. Fair Housing Act

DeJesus has also failed to state a claim under the Fair Housing Act. The Fair Housing Act prohibits discrimination based on race, color, religion, sex, familial status, national origin, or disability in the rental or sale of a dwelling. *See* 42 U.S.C. § 3604. DeJesus does not allege that the defendants discriminated against him in the rental or sale of a dwelling based on any of these protected characteristics. Rather, he alleges that the defendants rented him an illegal apartment that lacked heat. These allegations do not support a basis for a claim under federal law.

### 3. State Law Claims

Although DeJesus has only indicated that he is seeking to pursue federal claims, *see* Compl. at ECF p. 3, the court liberally construes the complaint to raise claims under Pennsylvania's landlord-tenant law. However, having dismissed DeJesus's federal claims, the court will not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if-- . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."). As the Supreme Court instructs:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading

> of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). Here, the court finds no basis to retain supplemental jurisdiction of any state-law claims.

Additionally, there is no independent basis for subject-matter jurisdiction over any state-law claims. The only possible basis is under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Id.* at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

For purposes of determining whether parties are completely diverse, an individual is a citizen of the state where the individual is domiciled, meaning the state where the individual is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." (citation omitted)). Here, DeJesus affirmatively alleges that he is a citizen of the Commonwealth of Pennsylvania. *See* Compl. at

ECF p. 2. He also alleges that the defendants are citizens of Pennsylvania. *See id.* at ECF p. 3. Therefore, the parties are not completely diverse for purposes of establishing this court's jurisdiction over any state-law claims DeJesus intends to pursue.

In addition to the lack of diversity between the parties, he fails to include allegations which would satisfy the amount-in-controversy requirement of the diversity statute. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). Also, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (citation and quotation marks omitted).

DeJesus's allegations in the complaint fall well short of the legal threshold for this court to exercise diversity jurisdiction. He seeks damages in the amount of the month of rent that he paid, which is $500. *See* Compl. at ECF p. 5. Even if he was also seeking damages for emotional distress, it does not appear to a legal certainty that he could exceed the $75,000 threshold. As such, the court lacks diversity jurisdiction over any possible state law claims. Accordingly, the court will dismiss any state law claims for lack of subject-matter jurisdiction without prejudice to DeJesus's right to assert these claims in the appropriate state court.

### III.   CONCLUSION

For the foregoing reasons, the court will grant DeJesus leave to proceed *in forma pauperis* and dismiss his complaint. Since DeJesus's allegations do not support a factual basis for a plausible claim under the constitutional amendments he invokes, the court will dismiss his section 1983 claims with prejudice because any amendment would be futile due to the private status of the defendants. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d

Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that district court ordinarily must grant leave to amend, even without plaintiff requesting leave to amend, "unless amendment would be inequitable or futile"). As for DeJesus's Fair Housing Act claim, although he has failed to allege a plausible claim for discrimination, because he is proceeding *pro se*, the court will give him an opportunity to the extent that he can assert a claim under the Act. Concerning any possible state-law landlord-tenant claims, the court declines to exercise supplemental jurisdiction over these claims at this time. The court also lacks subject-matter jurisdiction over any landlord-tenant claims. Although DeJesus may not reassert his claims in this court, the court's dismissal of his possible state-law claims does not preclude him from refiling his claims in the appropriate state court, where federal jurisdiction will not be an issue.

        The court will enter a separate order.

        BY THE COURT:

        /s/ *Edward G. Smith*
        EDWARD G. SMITH, J.