IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX DEJESUS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-5469 |
| | : | |
| v. | : | |
| | : | |
| BILL LUCEY and MARTIN GARCIA, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 5th day of January, 2022, after considering the application for leave to proceed *in forma pauperis* and the complaint filed by the *pro se* plaintiff, Alex DeJesus (Doc. Nos. 2, 6); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 6) is **GRANTED**, and the plaintiff has leave to proceed *in forma pauperis*;

2. The complaint (Doc. No. 2) is **DEEMED** filed;

3. The complaint is **DISMISSED** as follows:

    a. To the extent that the plaintiff asserts any claims for constitutional violations under 42 U.S.C. § 1983, the claims are **DISMISSED WITH PREJUDICE**;

    b. To the extent that the plaintiff asserts any claims under the Fair Housing Act, the claims are **DISMISSED WITHOUT PREJUDICE**; and

    c. The court **DECLINES** to exercise supplemental jurisdiction over any state law claims at this time; in addition, to the extent that the plaintiff would assert that the court has original diversity jurisdiction over any state law claims, those claims are **DISMISSED WITHOUT PREJUDICE**;

4.      The clerk of court is **DIRECTED** to send the plaintiff a blank copy of the court's form complaint for a non-prisoner filing a civil rights action bearing the above civil action number. The plaintiff may use this form to file his amended complaint if he chooses to do so;[1]

5.      If the plaintiff does not wish to amend his complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1995) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims"); and

6.      If the plaintiff fails to file any response to this order, the court will conclude that the plaintiff intends to stand on his complaint and will issue a final order dismissing this case.[2] *See*

---

[1] This form is available on the court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

*Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of order directing him to take action to cure defective complaint).

                                      BY THE COURT:

                                      /s/ *Edward G. Smith*
                                      EDWARD G. SMITH, J.